**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220417-U

Order filed May 25, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| *In re* M.J.E., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| a Minor | ) | Du Page County, Illinois, |
| | ) | |
| (Susan B. and Wayne B., | ) | |
| | ) | |
| Petitioners-Appellees, | ) | Appeal No. 3-22-0417 |
| | ) | Circuit Nos. 15-P-969; 15-OP-4; |
| v. | ) | and 00-OP-80 |
| | ) | |
| Jeremy E., | ) | Honorable |
| | ) | James D. Orel, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Justices McDade and Brennan concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The court did not err by limiting respondent's argument and evidence at the hearing on his petition. The court did not dismiss the petition based on section 2-1401. The circuit court had personal jurisdiction over respondent.

¶ 2     Respondent, Jeremy E., appeals the Du Page County circuit court's order denying his amended petition to terminate guardianship. Respondent argues that the court denied his constitutional rights by not allowing him to argue the basis of his petition or proceed with his

evidence. He further argues that the court erred by *sua sponte* dismissing his petition based on section 2-1401 of the Code of Civil Procedure (Code). 735 ILCS 5/2-1401 (West 2022). Additionally, respondent argues that the circuit court lacked personal jurisdiction over him. We affirm.

¶ 3                                         I. BACKGROUND

¶ 4         In 2015, petitioners Susan B. and Wayne B. filed a petition for guardianship of M.J.E. and were granted plenary guardianship. Respondent entered his *pro se* appearance in December 2015. Subsequently, respondent retained counsel and filed a petition to vacate the order granting guardianship to petitioners. The court denied the petition and respondent appealed. The appellate court vacated the order granting guardianship and remanded the matter because the court did not have personal jurisdiction over respondent when that order was entered. *In re Estate of M.J.E.*, 2016 IL App (2d) 160457-U, ¶ 22. In doing so, the court rejected an argument that even if service was initially inadequate, respondent's subsequent appearance and participation submitted him to the jurisdiction of the court. *Id.* ¶ 19. The court reasoned that respondent's appearance only waived the issue of service prospectively, not retroactively. *Id.*

¶ 5         Following remand, the petitioners filed an amended petition for guardianship of M.J.E. Thereafter, respondent filed an appearance, through counsel, and an answer to the amended petition for guardianship. Respondent did not file a motion objecting to personal jurisdiction and his answer did not contain such an objection. On September 5, 2017, the court, as a discovery sanction, struck respondent's answer. It then granted plenary guardianship to petitioners. Subsequently, respondent filed numerous motions and multiple unsuccessful appeals. *In re Estate of M.J.E.*, 2018 IL App (2d) 180262-U; *In re Estate of M.J.E.*, No. 2-19-0888 (2020)

2

(unpublished minute order); *In re Estate of M.J.E.*, No. 2-21-0595 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6     In July 2022, respondent, as a self-represented litigant, filed an amended petition for termination of guardianship, citing section 11-14.1 of the Probate Act of 1975 (Act). 755 ILCS 5/11-14.1 (West 2022). The petition argued that the plenary guardianship was granted during a hearing where respondent was not present and he did not have notice to attend. It further argued that respondent had a right to act as a parent to M.J.E., as there was no order terminating his parental rights or stating he was unfit. Additionally, the motion set forth the best interest factors and stated it was in the best interest of M.J.E. for the guardians to be removed. Respondent requested that the guardianship be terminated and he be awarded custody.

¶ 7     At the hearing on the petition, respondent argued that the guardianship should be granted because petitioners obtained the guardianship "without completing Illinois plenary guardianship requirements, as well as not following the rule of the 2016 second district appellate court decision, which a trial was ordered." He stated that he intended to show the court that his rights were violated and the guardianship was illegally granted. Petitioners' counsel argued that there had not been a substantial change in circumstance, the appellate court did not mandate that a trial be held, and respondent's claim regarding his rights was barred by *res judicata*, as he raised the issues several times in prior appeals to terminate the guardianship and the appellate court affirmed. The court stated that respondent was trying to vacate the order granting plenary guardianship issued years prior, they were "not going to go there," and "[t]hat has already been ruled and decided on." The court stated that if respondent wanted to argue there were changed circumstances and he now wanted to terminate the guardianship, the court would hear evidence on that but it would not rule on the prior order and it was not an issue in front of the court.

Respondent attempted to argue that the guardianship was illegal. The court noted that the order granting guardianship was entered in 2017, which was more than five years ago. It stated they would proceed on the petition to terminate based upon a material change but they were not going to proceed on the argument he attempted to make regarding the validity of the 2017 order.

¶ 8 Respondent noted that his whole argument was that the 2017 order was illegal. The court stated that respondent may disagree that the 2017 order was valid but the law required him to file a section 2-1401 petition within two years of the order and he was now three years past that. The court told respondent, "We're on a petition to terminate the guardianship. That's your next thing. You have missed by three years your right to ask the Court to reconsider a ruling." Respondent continued arguing with the court and the court stated they would take a break. Respondent told the court he would rather the court deny his petition so he could appeal. The court stated it was not doing that. After the break, the court reiterated that the 2017 order was over five years old and it would be too late for respondent to challenge that ruling in a section 2-1401 petition. However, the court stated, it would allow respondent a trial on his petition to terminate the guardianship and that is what they were there for. The court told respondent that he may proceed on his petition to terminate the guardianship. Respondent asked if he could use his evidence regarding the validity of the guardianship because everything he was presenting was related to that. He stated he would not "go forward with the trial based upon a modification" because the guardianship was illegal. Petitioners' counsel reiterated that *res judicata* barred respondent's issues related to the validity of the 2017 order granting guardianship. She also argued that the amended petition for guardianship was filed and respondent was given notice through his counsel, as the affidavit of mailing indicates it was addressed to respondent's counsel at the time. The court stated: "It says [respondent's] counsel will accept service of the amended petitions

4

dated 2/16/17." Respondent argued he never had a trial regarding the guardianship and the court told him it was ready to proceed on the trial to terminate the guardianship. The court told respondent that he was served with the guardianship petition and there was a viable action against him. The court then noted again that the plenary guardianship was granted in 2017 and respondent did not seek to vacate that within 30 days. It stated that respondent then had between 30 days and 2 years to seek to vacate the order under section 2-1401 but he did not do that. The court said that respondent was asking him to vacate an order five years later and he had run out of time, but despite that, respondent had the right to bring his petition to terminate the guardianship based upon a material change of circumstance and the court was ready to proceed on that. Respondent refused. The court stated that respondent decided not to proceed on the petition to terminate guardianship and it was therefore denied. The court also stated that the motion was denied for the reasons stated on the record and reiterated the guardianship order was over five years old, a section 2-1401 petition had not been presented within two years, the court was ready to proceed on the petition to terminate guardianship, and respondent decided not to proceed. Respondent appeals.

¶ 9                                     II. ANALYSIS

¶ 10          Respondent argues that the court denied his constitutional rights to argue the basis of his petition and present evidence supporting that basis. Additionally, he argues that the court erred by *sua sponte* dismissing his petition based upon the time limits of section 2-1401. Respondent further argues that the circuit court lacked personal jurisdiction over him when it entered the 2017 guardianship order.

¶ 11          Initially, we note that petitioners argue that the appeal is untimely because respondent is appealing a decision entered in 2017. However, despite respondent's arguments in the circuit

5

court and some of his arguments on appeal being directed at the 2017 order, he appealed from the court's October 18, 2022, order denying his petition to terminate guardianship. His notice of appeal from that order was timely filed on October 19, 2022. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); R. 304(b)(1) (eff. Mar. 8, 2016).

¶ 12        Turning to the issues raised by respondent, the record does not support his contention that the court did not allow him to argue the basis of his petition and present supporting evidence. Respondent filed the petition pursuant to section 11-14.1 of the Act. That section provides, in relevant part, that upon the filing of a petition "the court shall discharge the guardian and terminate the guardianship if the parent establishes *** that a material change in the circumstances of the minor or the parent has occurred since the entry of the order appointing the guardian." 755 ILCS 5/11-14.1(b) (West 2022). The court expressly told respondent, more than once, that it was prepared to proceed on his petition to terminate guardianship based upon a material change in circumstance, but respondent declined to proceed. The court refused to allow respondent to proceed on the basis that the 2017 guardianship order was illegal and present evidence in that regard. However, the court had the discretion to do so because any such evidence and argument was irrelevant to respondent's section 11-14.1 petition to terminate guardianship because the relevant inquiry regarding such a petition is whether there was a material change in circumstance. See *In re Estate of Andre T.*, 2018 IL App (1st) 172613, ¶¶ 34, 38 (finding that the court did not abuse its discretion in excluding evidence relating to jurisdiction and standing regarding the entry of a guardianship order because the only filing pending before the court was a section 11-14.1(b) petition and such evidence was not probative to that petition). Although the circuit court did not expressly discuss the issue in terms of relevancy, its reasoning shows that it was excluding respondent's argument and evidence

6

regarding the 2017 guardianship order because respondent had not filed a timely challenge to that order and, therefore, it was not relevant to the petition before it which sought termination pursuant to section 11-14.1(b) requiring a material change in circumstance. See *id.* ¶ 38 (stating that appellant's "arguments that she should have been permitted to raise issues related to the guardianship order fail because she failed to file any timely challenge of that order" and noting those issues were not probative to a section 11-14.1(b) petition).

¶ 13        Next, the court did not *sua sponte* dismiss respondent's petition based on the time limits of section 2-1401of the Code. 735 ILCS 5/2-1401 (West 2022). First, respondent did not have a pending section 2-1401 petition and the court did not dismiss the petition to discharge guardianship but instead denied it when respondent refused to proceed on it. Second, the court was referencing respondent's failure to bring a timely section 2-1401 petition challenging the 2017 guardianship order to explain why it was not allowing respondent to bring in evidence and argue the validity of the 2017 guardianship order. Essentially, the court was telling respondent that he did not timely challenge the 2017 guardianship order and they were not in court to decide anything regarding the 2017 order but were instead there to determine whether the guardianship should be terminated due to a material change in circumstance.

¶ 14        Last, the circuit court had personal jurisdiction over respondent at the time it entered the 2017 guardianship order as respondent filed an answer to the amended guardianship petition. See 735 ILCS 5/2-301(a), (a-5) (West 2016) (providing that if a party files a responsive pleading prior to filing a motion to dismiss or quash service based on lack of personal jurisdiction "that party waives all objections to the court's jurisdiction over the party's person"). Based on the foregoing we conclude that the court did not err by denying the petition to terminate guardianship.

¶ 15                                    III. CONCLUSION

¶ 16          The judgment of the circuit court of Du Page County is affirmed.

¶ 17          Affirmed.